# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| EVICAM INTERNATIONAL, INC. | § § | |
| v. | § § § | Civil Action No. 4:16-CV-00105<br>Judge Mazzant |
| ENFORCEMENT VIDEO, LLC | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Enforcement Video, LLC's ("WatchGuard") Motion for Leave to Supplement Invalidity Contentions (Dkt. #24). Having considered the relevant pleadings and responses, the Court grants WatchGuard's motion.

## BACKGROUND

Plaintiff Evicam International, Inc. ("Evicam") filed its complaint against WatchGuard, alleging patent infringement of two United States Patents: U.S. Patent Nos. 6,211,907 ("the '907 Patent") and 6,950,013 ("the '013 Patent") (collectively, the "patents-in-suit"). On May 27, 2016, WatchGuard served Evicam with invalidity contentions pursuant to the agreed upon Scheduling Order. About three weeks later, WatchGuard notified Evicam that it would be moving to supplement its invalidity contentions, seeking to add potential sale information and assert previously disclosed references against the '013 Patent. WatchGuard provided Evicam with a copy of the supplemental invalidity contentions it intended to file with the Court.

WatchGuard filed the present motion on June 20, 2016 (Dkt. #24). On July 8, 2016, Evicam filed a response (Dkt. #26), and WatchGuard filed a reply on July 18, 2016 (Dkt. #28).

## LEGAL STANDARD

Under the Local Rules for the Eastern District of Texas, Appendix B Patent Rules, leave to amend invalidity contentions "may be made only by order of the court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). "The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *Id.*

The Court weighs multiple factors in determining whether good cause exists, including, but not limited to:

1. The length of the delay and its potential impact on judicial proceedings;
2. The reason for the delay, including whether it was within the reasonable control of the movant;
3. Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent;
4. The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the Court's scheduling orders, local rules, and the federal rules of civil procedure; and
5. The danger of unfair prejudice to the non-movant.

*Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F. Supp. 3d 538, 540–41 (E.D. Tex. 2015) (quoting *Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 625 (E.D. Tex. 2007)).

## ANALYSIS

WatchGuard seeks leave to amend to supplement its invalidity contentions to: (1) re-chart *King* against the '907 Patent; (2) assert five references against the '013 Patent for the first time; (3) assert new obviousness combinations against the patents-in-suit; and (4) assert seven instances of public uses, offers, and sales under 35 U.S.C. § 102(b). *See* Dkt. #24, Exhibit 2; Dkt. #24 at p. 1; *see also* Dkt. #26 at p. 3–4.

Evicam challenges WatchGuard's request for leave to amend, arguing WatchGuard's own evidence and lack of diligence proves there is not good cause for leave. WatchGuard contends it has set forth good cause for leave under the factors the Court considers to determine good cause. While non-exclusive, the Court will examine each of the five factors listed in *Computer Acceleration*.

*Length of the Delay and Its Potential Impact on Judicial Proceedings*

Evicam notes that WatchGuard's requested supplement will delay the Court-ordered deadlines and make them meaningless. The Court disagrees. Here, the impact on judicial proceedings is minimal. WatchGuard filed its motion to supplement one month after the invalidity contentions deadline. At the time the motion was filed, the parties were two months away from claim construction briefing and four months from the *Markman* hearing. WatchGuard does not request an extension of future deadlines to accommodate its requested supplement. Nor does the supplement cause a delay in the resolution of this matter.

The Court therefore finds this factor weighs in favor of showing good cause.

*Reason for the Delay*

WatchGuard asserts the delay was not within its control. WatchGuard contends it needed more time to find and speak to prior inventors after it prepared invalidity contentions in response to Evicam's infringement contentions.

The Court finds WatchGuard's reasons for its requested supplement unpersuasive. WatchGuard's efforts to contact prior inventors did not begin until June 3, a week after the invalidity contentions deadline (Dkt. #24, Exhibit 1 at ¶ 6). Specifically, WatchGuard states it "spent more than 50 hours[] and placed more than 100 phone calls, attempting to contact these inventors" (Dkt. #24 at p. 4). Ultimately, WatchGuard conducted interviews with inventors

3

named in patents disclosed in its invalidity contentions. As a result of these interviews, WatchGuard "gain[ed] a better understanding of the technology, subject matter, and scope of the asserted claims in the '907 and '013 Patents" (Dkt. #24 at p. 2). WatchGuard does not explain why it did not attempt to contact these inventors earlier, especially if WatchGuard suspected these inventors possessed information useful in proving the invalidity of the patents-in-suit. Moreover, WatchGuard was in possession of the prior art it now seeks to include. WatchGuard admits "it is very likely that the scope of many of the asserted claims in the '907 Patent will be deemed to substantially overlap or duplicate many elements of the asserted claims in the '013 Patent" (Dkt. #24, Exhibit A at p. 17). WatchGuard does not provide an explanation for why it did not assert the previously-disclosed prior art against the '013 Patent by the deadline. Despite a showing of diligence after the invalidity contentions deadline, WatchGuard's delay in interviewing inventors and understanding the patents-in-suit was completely within its control.

The Court therefore finds this factor weighs against a showing of good cause.

*Diligence*

The Court finds WatchGuard exercised diligence in filing its motion seeking leave to supplement. There was not a significant delay before WatchGuard filed its motion to amend. WatchGuard served its original invalidity contentions on May 27, 2016, in accordance with the Court's Scheduling Order (Dkt. #21 at p. 1). On June 15, 2016, WatchGuard served Evicam with an advance copy of its supplemental invalidity contentions. Five days later, WatchGuard filed the present motion with the Court.

The Court therefore finds this factor weighs in favor of showing good cause.

*Importance of the Matter*

WatchGuard claims the requested supplement is important. WatchGuard contends that after interviews with prior inventors, it discovered that many of its initial invalidity contentions were too conservative and should have been asserted against the patents-in-suit. Also, WatchGuard maintains the § 102(b) references have the potential to invalidate one or more of the patents-in-suit.

Evicam asserts WatchGuard's requested supplement is speculative and cumulative. Evicam argues WatchGuard's overly-conservative approach as a result of its own failure to understand the prior art is not "good cause" for leave to amend. With regard to the § 102(b) references, Evicam states that WatchGuard makes conclusory statements as to the importance of the references to bar enforcement of the patents-in-suit.

The Court finds that the previously-disclosed prior art and the § 102(b) references are relevant and important to this matter. The previously-disclosed prior art references allow WatchGuard to challenge more claims against the '013 Patent, increasing the likelihood of invalidating the patents-in-suit based on obviousness and anticipation challenges. The references are not cumulative because without the supplement, WatchGuard would be forced to use one set of references against the '907 Patent and another set against the '013 Patent.

WatchGuard shows why the § 102(b) references are important. WatchGuard offers a series of sales, offers, and uses that if properly substantiated would bar Evicam from enforcing the patents-in-suit. Discovery concludes on January 27, 2017, so WatchGuard can investigate the legitimacy of the § 102(b) references and determine whether they properly invalidate the patents-in-suit. Allowing WatchGuard to amend its invalidity contentions would not "encourage parties to engage in delay tactics under the guise of the inability to understand prior art and only

seek expert advice late in the discovery process." *Cummins-Allison Corp. v. SBM Co.*, No. 9:07-CV-196, 2009 WL 763926, at *1 (E.D. Tex. Mar. 19, 2009). A lesser sanction was not discussed by either party nor does the Court believe that one is necessary.

The Court therefore finds this factor weighs in favor of showing of good cause.

*Danger of Prejudice*

WatchGuard states Evicam will not suffer unfair prejudice because there is plenty of time for Evicam to consider WatchGuard's invalidity contentions, complete discovery, and prepare its case.

Evicam responds that it will be prejudiced in two ways. First, Evicam states WatchGuard has not identified whether each reference anticipates each asserted claim or renders it obvious or provided a chart specifying where each element of each asserted claim is found in those purported references. And second, Evicam contends that WatchGuard does not indicate when its investigation into the § 102(b) references will conclude, which might be after the parties finish claim construction.

The Court finds that Evicam will not be unfairly prejudiced by WatchGuard's requested supplement. For the purported § 102(b) references, WatchGuard is not required to provide more information than the local patent rules demand. In its proposed supplement, WatchGuard complies with Local Patent Rule 3-3(a) by "specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known," and the identity of the author, seller, or user. P. R. 3-3(a). With regard to the previously-disclosed prior art references, the advance copy of WatchGuard's proposed supplement, served on June 15, 2016, put Evicam on notice of the references and combinations WatchGuard planned to assert in its motion to the Court. WatchGuard did not include any prior art that Evicam was not already in

its invalidity contentions. WatchGuard's requested supplement, however, does not identify the motivation to combine prior art references to render a claim obvious. P.R. 3-3(b). WatchGuard can eliminate any resulting prejudice by complying with the local patent rules.

Further, the Court considers WatchGuard's motion after both the Claim Construction hearing held on October 14, 2016, and the Court's Memorandum Opinion and Order on Claim Construction (Dkt. #57). WatchGuard has until the close of discovery on January 27, 2017, to investigate the factual basis for the § 102(b) references through document subpoenas and depositions. As long as WatchGuard operates within the discovery deadline, Evicam will not suffer unfair prejudice. At this stage of the litigation, Evicam can mitigate any prejudice by amending its infringement contentions, contesting nonparty depositions, and defending against WatchGuard's invalidity arguments.

The Court therefore finds this factor weighs in favor of a showing of good cause.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** WatchGuard's Motion for Leave to Supplement Invalidity Contentions (Dkt. #24).

**IT IS SO ORDERED**.
 **SIGNED this 8th day of November, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE