# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| EVICAM INTERNATIONAL, INC. | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-00105 |
| | § | Judge Mazzant |
| ENFORCEMENT VIDEO, LLC | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Evicam International Inc.'s Motion for Protective Order (Dkt. #45). After reviewing the relevant pleadings, the Court denies the motion.

## BACKGROUND

On September 26, 2016, Evicam International Inc ("Evicam") filed a Motion for Protective Order (Dkt. #45). In its motion, Evicam seeks to prevent Defendant Enforcement Video, LLC ("WatchGuard") from taking oral depositions of five alleged inventors of prior art systems that WatchGuard failed to identify in its invalidity contentions. WatchGuard filed a response to Evicam's motion on October 12, 2016 (Dkt. #50). On October 20, 2016, Evicam filed a reply (Dkt. #53). On November 1, 2016, Evicam filed an emergency motion for protective order to prevent WatchGuard from taking the deposition of an alleged inventor scheduled for the next day (Dkt. #55). On November 2, 2016, the Court held a telephone hearing on the emergency motion (Dkt. #56). The Court granted Evicam's emergency relief to stay disputed discovery pending the Court's ruling on Evicam's motion for protective order (Dkt. #56).

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) governs the scope of discovery. The rule provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any

party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Under Rule 26(c)(1), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The burden is upon the party seeking the protective order "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (internal quotation marks and citation omitted). Therefore, a protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Laundry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). The Court has broad discretion in determining whether to grant a motion for protective order because it is "in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

## ANALYSIS

The Court is not convinced that a protective order is appropriate, and thus Evicam has not met its burden of demonstrating good cause. The disputed discovery relates to WatchGuard's claims and defenses under Rule 26 of the Federal Rules of Civil Procedure. WatchGuard seeks the deposition of five prior art inventors: Roger Peterson, John Squicciarini, John Mackey, Paul Boykin, and John McConnell (Dkt. #50 at p. 1). On June 20, 2016, WatchGuard filed a motion to supplement its invalidity contentions (Dkt. #24). On November 8, 2016, the Court granted WatchGuard's motion (Dkt. #60). In light of this decision, the depositions are relevant to support either WatchGuard's invalidity contentions or its inequitable conduct defense (Dkt. #50 at p. 2). Further, the information that WatchGuard seeks are proportional to the needs of the

2

case, especially after WatchGuard was granted leave to supplement its invalidity contentions. Given that the depositions are relevant and Evicam has not established good cause, the Court determines WatchGuard should be entitled to depose the disputed individuals.

It is therefore **ORDERED** that Evicam.'s Motion for Protective Order (Dkt. #45) is hereby **DENIED**.

It is further **ORDERED** that WatchGuard's deadline to designate expert witnesses with respect to the disputed prior art inventors is extended to no later than March 13, 2017.

It is further **ORDERED** that Evicam may designate rebuttal expert witnesses with respect to the disputed prior art inventors until no later than March 27, 2017.

**SIGNED this 28th day of February, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE