UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EVICAM INTERNATIONAL, INC., | § § § | |
| Plaintiff, | § § | CASE NO. 4:16-cv-00105-ALM |
| v. | § § § | JURY TRIAL DEMANDED |
| ENFORCEMENT VIDEO, LLC d/b/a WATCHGUARD VIDEO, | § § § | |
| Defendant. | § § | |

## JOINT FINAL PRE-TRIAL ORDER

This cause came before the Court at a pre-trial management conference held on June 30, 2017, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

**A. COUNSEL FOR THE PARTIES**

Plaintiff:  Jamil N. Alibhai
State Bar No. 00793248
jalibhai@munckwilson.com
Michael C. Wilson
State Bar No. 21704590
mwilson@munckwilson.com
Sarah J. Lopano
State Bar No. 24079914
slopano@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
12770 Coit Road, Suite 600
Dallas, Texas 75251
Telephone: 972.628.3600
Facsimile: 972.628.3616

  Defendant: Adam Sanderson
       State Bar No. 24056242
       adam.sanderson@rgmfirm.com
       Tyler J. Bexley
       State Bar No. 24073923
       tyler.bexley@rgmfirm.com
       **REESE GORDON MARKETOS, LLP**
       750 N. St. Paul St., Suite 600
       Dallas, Texas 75201-3201
       (214) 382-9810 (telephone)
       (214) 501-0731 (facsimile)

**B. STATEMENT OF JURISDICTION**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States. The parties do not contest subject matter or personal jurisdiction.

**C. NATURE OF ACTION**

This is an action for infringement of Evicam International, Inc.'s ("Evicam") patents: claims 3, 8, 13, 18, 19, 22, 24, and 27 of U.S. Patent No. 6,211,907 (the "'907 Patent") and claims 8 and 11 of U.S. Patent No. 6,950,013 (the "'013 Patent") (collectively, the "Asserted Claims"). Evicam seeks monetary damages in the form of a reasonable royalty, pre- and post-judgment interest, costs, and injunctive relief.

Enforcement Video, LLC d/b/a WatchGuard Video ("WatchGuard") denies that it infringes the '907 Patent or the '013 Patent. WatchGuard also contends that the '907 Patent and the '013 Patent are invalid for (1) being anticipated by one or more prior art references pursuant to 35 U.S.C. § 102; (2) being obvious in view of one or more prior art references pursuant to 35 U.S.C. § 103; (3) being directed to patent ineligible subject matter pursuant to 35 U.S.C. § 101; or (4) improper inventorship pursuant to 35 U.S.C. § 102(f). WatchGuard also contends that claim 11 of the '013 Patent is invalid because it fails to meet the written requirements of 35

U.S.C. § 112. WatchGuard seeks a take-nothing judgment on Evicam's claims and an order requiring Evicam to pay WatchGuard's costs.

**D. CONTENTIONS OF THE PARTIES**

**1. Evicam's Contentions**

Evicam is the owner of the '907 Patent entitled "Secure, Vehicle Mounted, Surveillance System." WatchGuard has been and is now infringing the '907 Patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing systems covered by one or more claims of the '907 Patent within the United States. Since learning of the '907 Patent in November 2015, WatchGuard has induced or contributed to infringement of the Asserted Claims by continuing to supply the DV-1, 4RE, Evidence Library, Evidence Library Express, and Watch Commander to its customers and by instructing such customers how to use these products in the ordinary, customary, and intended way, which infringes the Asserted Claims.

Evicam accuses the following WatchGuard products of infringing claims 3, 8, 13, 18, 19, 22, 24, and 27 of Evicam's '907 Patent: DV-1, 4RE, Evidence Library, Evidence Library Express, and Watch Commander.

Evicam is the owner of the '013 Patent entitled "Incident Recording Secure Database." WatchGuard has been and is now infringing the '013 Patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing systems covered by one or more claims of the '013 Patent within the United States. Since learning of the '013 Patent in November 2015, WatchGuard has induced or contributed to infringement of the Asserted Claims by continuing to supply the 4RE, Evidence Library, Evidence Library Express, Watch Commander, and Mobile Data Computer Application to customers and by instructing such customers how to use these products in the ordinary, customary, and intended way, which infringes the Asserted Claims.

Evicam accuses the following WatchGuard products of infringing the claims 8 and 11 of Evicam's '013 Patent: 4RE, Evidence Library, Evidence Library Express, Watch Commander, Mobile Data Computer Application (together with the DV-1, the "Accused Products").

Evicam seeks the following relief:

a. A judgment that WatchGuard has infringed the '907 Patent;

b. A judgment that WatchGuard has infringed the '013 Patent;

c. An order for permanent injunctive relief prohibiting WatchGuard, its officers, agents, servants, employees, successors, assigns, or all other persons or entities in active concert, participation, or privity with any of the foregoing, from any further acts of infringement of the '907 and '013 Patents;

d. A judgment and order requiring WatchGuard to pay Evicam damages under 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

e. A judgment and order requiring WatchGuard to pay Evicam the costs of this action; and

f. Such other and further relief as the Court deems just and equitable.

Evicam contends that the '907 and '013 Patents are valid and enforceable; that its claims are not barred as a result of any of the affirmative defenses raised by WatchGuard;[1] and denies that WatchGuard is entitled to any relief on its counterclaims.

## 2. WatchGuard's Contentions

WatchGuard contends that the '907 and '013 Patents are invalid and denies Evicam's claims of infringement. WatchGuard's specific contentions are set forth below. By providing these contentions, WatchGuard does not concede that all of these issues are appropriate for trial. WatchGuard does not waive any of its motions in limine, motions for summary judgment, or motions to strike.

---

[1] WatchGuard did not plead and has not been granted leave to amend its answer to include an improper inventorship defense. If the Court grants WatchGuard leave to amend its answer to include an improper inventorship defense, Evicam denies that its claims are barred by such defense.

a. WatchGuard's accused products have not infringed and do not infringe any asserted claim of the '907 Patent, including asserted claims 3, 8, 13, 18, 19, 22, 24, and 27.

b. WatchGuard's accused products have not infringed and do not infringe any asserted claim of the '013 Patent, including asserted claims 8 and 11.

c. The claims of the '907 and '013 Patents are not directed to patent-eligible subject matter as required by 35 U.S.C. § 101 and are therefore invalid.

d. The '907 Patent is anticipated and/or obvious in view of Joao, U.S. Patent No. 5,917,405 ("Joao I").

e. The '907 Patent is anticipated and/or obvious in view of Swanson, U.S. Patent 5,689,442 ("Swanson").

f. The '907 Patent is obvious in view of Swanson combined with Schofield, WO 94/19212 ("Schofield").

g. The '907 Patent is obvious in view of Swanson combined with Schofield and the Vehicle Incident Recording System ("VICS").

h. The '907 Patent is obvious in view of Shamosh, PCT/US92/02648 ("Shamosh") combined with King, PCT/US97/05507 ("King").

i. The '907 Patent is obvious in view of Shamosh, King, and VICS.

j. The '013 Patent is anticipated and/or obvious in view of Mackey, U.S. Patent No. 6,141,611 ("Mackey").

k. The '013 Patent is obvious in view of Mackey combined with Levine, U.S. Patent 5,890,079 ("Levine").

l. The '013 Patent is anticipated and/or obvious in view of Boykin, U.S. Patent 6,831,556 ("Boykin").

m. The '013 Patent is obvious in view of Joao, U.S. Patent 6,542,076 ("Joao II"), claiming priority to Joao, U.S. Patent 5,971,405, combined with Johnson, U.S. Patent 5,682,133 ("Johnson").

n. The '013 Patent is anticipated and/or obvious in view of the Digital Storage Device a/k/a the "Mobile Digital Storage Device" a/k/a "Digital Patroller."

o. The '013 Patent is obvious in view of Digital Patroller combined with Joao II.

p. Claim 11 of the '013 Patent is invalid because its written description does not comply with 35 U.S.C. § 112.

    q. Claim 11 of the '013 Patent is invalid because it is not enabled in accordance with 35 U.S.C. § 112.

    r. The '907 and '013 Patents are invalid due to improper inventorship under 35 U.S.C. § 102(f).

    s. WatchGuard is not liable to Evicam under any cause of action or legal theory asserted by Evicam.

    t. Evicam is not entitled to any damages, including, but not limited to, a reasonable royalty.

    u. Evicam is not entitled to a permanent injunction. Evicam cannot meet its burden on any elements including, among others, irreparable harm, and monetary damages would be sufficient to compensate Evicam for any alleged injury.

    v. Evicam has not pleaded and is not entitled to a finding of indirect infringement, including, but not limited to contributory infringement or induced infringement.

    w. WatchGuard is entitled to an order requiring Evicam to pay its costs.

**E.  STIPULATIONS AND UNCONTESTED FACTS**

   **1. Uncontested Facts**

    a. Evicam is a Colorado corporation having its principal place of business in Denver, Colorado.

    b. Defendant WatchGuard is a Texas limited liability company having its principal place of business in Allen, Texas.

    c. WatchGuard was founded by Robert Vanman in 2002.

    d. The patents-in-suit are U.S. Patent Nos. 6,211,907 and 6,950,013.

    e. U.S. Patent No. 6,211,907, titled "Secure, Vehicle Mounted, Surveillance System," was filed as a continuation-in-part application on June 8, 1999 and issued on April 3, 2001. It names Robert Jeff Scaman ("Scaman") and Jeffrey A. Hamilton ("Hamilton") as co-inventors.

    f. U.S. Patent No. 6,950,013, titled "Incident Recording Secure Database," was filed as a continuation-in-part application on May 31, 2002 and issued on September 27, 2005. It names Scaman and Hamilton as co-inventors.

    g. The DV-1 In-Car Video System was introduced in 2004, was first sold in 2005, and is still sold.

    h. The 4RE was first sold in 2010 and is still sold.

    i. Evicam asserts infringement of claims 3, 8, 13, 18, 19, and 27 of Evicam's '907 Patent against WatchGuard's DV-1 In-Car Video System. Evicam has not disclosed or designated any expert to testify in support of asserted claim 19 against the DV-1 In-Car Video System.

    j. Evicam asserts infringement of claims 3, 8, 13, 18, 19, 22, 24, and 27 of Evicam's '907 Patent against WatchGuard's 4RE In-Car Video System.

    k. Evicam asserts infringement of claims 8 and 11 of Evicam's '013 Patent against WatchGuard's 4RE In-Car Video System.

    l. Evicam has not pleaded and is not asserting any claims of infringement based on the doctrine of equivalents.

    m. Evicam has not pleaded and is not asserting a claim for willful infringement.

    n. Evicam filed its Original Complaint on November 24, 2015.

    o. WatchGuard's 4RE in-car system is used for surveillance.

    p. WatchGuard's 4RE system contains at least one video camera.

    q. WatchGuard's 4RE video camera mounted in a vehicle generates video signals of incident(s) proximate to the vehicle in which it is mounted.

    r. WatchGuard's DV-1 video camera mounted in a vehicle generates video signals of incident(s) proximate to the vehicle in which it is mounted.

    s. WatchGuard's 4RE stores video signals.

2. **Stipulated Trial Procedures**

    a. The Asserted Patents and their complete application histories are admissible into evidence.

    b. The following patents are admissible into evidence: Mackey, Levine, Boykin, Joao I, Joao II, Johnson, Swanson, Schofield, Shamosh, and King.

    c. The parties may use each other's exhibits listed on the parties' respective exhibit lists attached hereto. This agreement does not waive any party's objection to the admissibility of that exhibit.

    d. No party will remove a document from its exhibit list without agreement from the other party, unless it provides the other party the opportunity to add the document to its exhibit list.

    e. Subject to all foundational requirements and other objections that might be made to the admissibility of the original, a legible copy of any exhibit may be offered

      into evidence in lieu of the original. The parties may use electronic versions of exhibits that are spreadsheets or slide presentations.

  f. Demonstrative exhibits that the parties intend to use at trial need not be included on the parties' respective exhibit lists. Unless otherwise ordered by the Court, demonstrative exhibits will not be admitted as evidence and will not be made available to the jury during deliberations.

  g. The parties shall notify the other side in good faith of their intention to move a witness from the "may call" list to the "will call" list no later than 7 days before calling that witness. The parties also reserve the right to move any witness from the "may call" list to the "will call" list to testify in rebuttal to testimony presented by the other side so long as the party seeking to call the witness notifies the other party no later than 2 days before calling that witness.

  h. Plaintiff will provide a final list of those witnesses it will call in person and by deposition in its case-in-chief and the order in which they will be called by 6:00 p.m. on the Thursday before trial begins. Defendant will provide a final list of those witnesses they will call in person and by deposition in their case-in-chief and the order in which they will be called by 6:00 p.m. on the Friday before trial begins.

  i. No later than 6:30 p.m. the day before their introduction (*i.e.,* Monday evening for a witness to be called on Tuesday), counsel shall provide to opposing counsel: (1) the names and order of witnesses to be called (both live and by deposition); (2) an identification of trial exhibits to be used on direct examination of each witness (both live and by deposition); and (3) an electronic copy of any demonstrative to be used on direct examination of each live witness. No later than 6:30 p.m. the day before their introduction, counsel shall also make available for inspection any non-documentary trial exhibits, such as physical exhibits, or physical demonstratives that they plan to use at the trial during direct examination of each witness (both live and by deposition). The parties shall make their best efforts to follow the specified order of presentation; however, they recognize that the order of presentation may change based on timing or other circumstances. If counsel intends to change the order of witnesses, they shall notify the other side immediately. Parties will not identify trial exhibits or provide a copy of demonstrative exhibits to be used during cross-examination. If the parties have objections to any demonstrative exhibit or to any trial exhibit exchanged under this paragraph that has not been admitted, the objecting party will raise its objection by email no later than 8:00 p.m., and the parties will meet and confer telephonically or in person by 9:00 p.m. and advise the Court thereafter if there are any unresolved objections.

  j. The parties are still discussing the exchange and objections to demonstratives for use during opening and closing statements.

 k. Demonstratives exchanged may not be used by the opposing party before being used by the disclosing party.

 l. Any objections to a trial exhibit or demonstrative that cannot be resolved shall be raised with the Court before the exhibit or demonstrative is used.

 m. For each witness that a party seeks to call by deposition, that party will provide the other side with a list of final affirmative designations that will be presented by 5:00 p.m. two days prior to the date the party intends to call such witness by deposition. Opposing counsel shall provide its final counter-designations that will be presented for that witness, and any unresolved objections to the affirmative designations, by 9:00 p.m. two days before the designations will be presented. The parties shall meet and confer to attempt to resolve any previously stated but unresolved objections, with any objections that cannot be resolved to be raised with the Court on the day before that the deposition testimony is to be presented.

 n. The parties agree that depositions taken in this action may be used at trial whether or not the transcripts of such depositions have been signed and filed as set forth in Federal Rule of Civil Procedure 30(b).

 o. Any deposition testimony not specifically identified on a party's deposition designation list may still be used at trial for the purposes of impeachment, if otherwise competent for that purpose. When a party uses deposition testimony for impeachment, the party may elect to either play the deposition testimony by video or to read the deposition testimony live, unless the Court orders otherwise.

 p. Unless used for impeachment, all designated deposition testimony shall be played by video unless both parties reach an agreement to read the deposition testimony live or the Court orders otherwise. Unless the parties agree otherwise, the introducing party will first read or play its designated testimony, and the other party will immediately thereafter read or play its counter-designations (except where one party has an objection to the completeness of a particular passage to be played or read by the other party, in which case the Court will rule on this objection and order accordingly). All colloquy between counsel and objections will be eliminated when deposition testimony is presented at trial. To the extent that the trial is subject to specific time limitations, the time available for each party's trial presentation shall be reduced by the length of its designated and counter-designated testimony read or played.

F. **CONTESTED ISSUES OF FACT AND LAW**

 1. **Evicam's Contested Issues**

  a. Whether the priority date of the '907 Patent is June 1, 1998, or June 8, 1999.

  b. Whether WatchGuard's Accused Products infringe the Asserted Claims of the '907 and '013 Patents.

    c. The amount of any damages, including at least a reasonable royalty, necessary to compensate Evicam for the alleged infringement pursuant to 35 U.S.C. § 284.

    d. Whether WatchGuard has shown by clear and convincing evidence that the Asserted Claims are invalid.

    e. Whether Evicam is entitled to injunctive relief based on WatchGuard's alleged infringement of the '907 and '013 Patents.

    f. Whether Evicam is entitled to pre-judgment and post-judgment interest, and, if so, the dollar amount of pre-judgment and post-judgment interest.

    g. Whether Evicam is entitled to costs, and, if so, the dollar amount of costs.

2. **WatchGuard's Contested Issues**

WatchGuard incorporates by reference each matter made the basis of WatchGuard's contentions in Section IV above. In addition, WatchGuard identifies the following contested issues of fact and law:

    a. The '907 Patent is not supported by any application filed prior to June 8, 1999.

    b. Whether Evicam can prove any accused product, including the DV-1 in-car video system infringes any asserted claim in the '907 Patent.

    c. Whether Evicam can prove that any accused product, including the 4RE in-car video system infringes any asserted claim in the '907 Patent.

    d. Whether Evicam can prove that 4RE in-car system infringes any asserted claim in the '013 Patent.

    e. Whether the asserted claims in the '907 Patent are invalid over one or more prior art references under 35 U.S.C. §§ 102 or 103, including Joao I, Swanson, Swanson combined with Schofield, Swanson combined with Schofield and VICS, Shamosh combined with King, or Shamosh combined with King and VICS

    f. Whether the asserted claims in the '013 Patent are invalid over one or more prior art references under 35 U.S.C. §§ 102 or 103, including Mackey, Mackey combined with Levine, Boykin, Joao II combined with Johnson, Digital Patroller, and Digital Patroller combined with Joao II.

    g. Whether the claims of the '907 and '013 Patents are directed to patent ineligible abstract ideas under 35 U.S.C. § 101.

    h. Whether the '907 and '013 patents are invalid due to improper inventorship under 35 U.S.C. § 102(f).

      i. Whether the specification of the '013 Patent provides an adequate written description and/or enables claim 11 as required by 35 U.S.C. § 112.

      j. Whether WatchGuard can be liable as a matter of law for infringing claim 27 of the '907 Patent.

      k. Whether Evicam is properly construing claim 1(a) of the '907 Patent.

      l. Whether Evicam can prove ownership and chain of title of the patents-in-suit.

      m. Whether Evicam can prove that it is entitled to any damages, including the reasonable royalty damages sought.

      n. Whether Evicam can prove that it is entitled to a permanent injunction.

      o. Whether WatchGuard is entitled to costs, and, if so, the dollar amount of costs.

**G.    LIST OF WITNESSES**

Evicam's Witness List is attached hereto as Exhibit A.

**WatchGuard's Witness List**

<u>Witnesses WatchGuard Expects to Present at Trial</u>

1. Robert Vanman – Contact through WatchGuard's counsel

2. Mark Nightingale – Contact through WatchGuard's counsel

3. William Kerr – Contact through WatchGuard's counsel

4. Chuck Easttom – Contact through WatchGuard's counsel

<u>Witnesses WatchGuard May Call if the Need Arises</u>

1. Steve Coffman – Contact through WatchGuard's counsel

2. Jeff Scaman – Contact through Evicam's counsel

3. Daniel Swanson – Contact information served on Evicam but withheld from filing

<u>Witnesses WatchGuard May Present by Deposition</u>

1. Jeff Scaman – Contact through Evicam's counsel

2. Jeff Hamilton – Contact through Evicam's counsel

3. Paul Boykin – Contact information served on Evicam but withheld from filing

 4.  John McConnell – Contact information served on Evicam but withheld from filing

 5.  Peter Schmitt – Contact information served on Evicam but withheld from filing

WatchGuard will designate deposition page and line numbers for these witnesses in accordance with the Scheduling Order.

**H. LIST OF EXHIBITS**

Evicam's Exhibit List is attached hereto as Exhibit C. WatchGuard's Exhibit List is attached hereto as Exhibit D.

The parties reserve the right to use any exhibits identified by other parties as potential exhibits. The parties reserve the right to use demonstrative exhibits at trial, which do not appear on their respective exhibit lists. The parties reserve the right to use additional exhibits for impeachment, irrespective of whether they appear on their respective exhibit lists.

**I. LIST OF ANY PENDING MOTIONS**

1. February 10, 2017 Defendant WatchGuard's Motion for Summary Judgment for Invalidity Against the Asserted Claims of U.S. Patent No. 6,211,907 [Doc. 68]

2. February 10, 2017 WatchGuard's Motion for Summary Judgment for Invalidity Against the Asserted Claims of U.S. Patent No. 6,950,013 [Doc. 69]

3. February 10, 2017 Plaintiff's Motion for Partial Summary Judgment that Certain Asserted Claims in the '907 Patent Are Not Invalid Over Certain Asserted References[Doc. 71]

4. February 10, 2017 Plaintiff's Motion to Strike and Exclude Defendant's New and Previously Undisclosed Invalidity Theories [Doc. 72]

5. February 10, 2017 WatchGuard's Motion for Summary Judgment for Invalidity of U.S. Patent Nos. 6,211,907 and 6,950,013 for Un-Patentable Subject Matter under *Mayo/Alice* [Doc. 73]

6. February 28, 2017 Evicam International, Inc.'s Motion to Exclude Robert Vanman [Doc. 90]

7. February 28, 2017 Defendant's Motion to Exclude Expert Testimony of Walter Bratic [Doc. 92]

8. March 27, 2017 Defendant's Motion to Amend Answer to Add Defense of Improper

    Inventorship [Doc. 112]

9. April 14, 2017 Defendant's Motion to Exclude Certain Expert Testimony of Harry Direen [Doc. 125]

10. May 4, 2017 Plaintiff's Motion for Leave to File Its Motion to Strike Portions of Expert Reports of Mark Nightingale [Doc. 129]

11. May 4, 2017 Evicam International, Inc.'s Motion to Strike Portions of Expert Reports of Mark Nightingale [Doc. 130]

12. May 8, 2017 Plaintiff's Motion for Protective Order Regarding Deposition of Peter Schmitt [Doc. 131]

**J.    PROBABLE LENGTH OF TRIAL**

Evicam estimates 5 days for trial. WatchGuard estimates 5-7 days for trial.

**K.    MANAGEMENT CONFERENCE LIMITATIONS**

The number of patent claims and prior art references to be presented at trial.

**L.    CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3) Each exhibit in the List of Exhibits herein:

    (a) is in existence;

    (b) is numbered; and has been disclosed and shown to opposing counsel.

Approved as to form and substance:

Attorneys for Plaintiff:     */s/ Jamil N. Alibhai*

Attorneys for Defendant(s):     */s/ Adam Sanderson* (with permission)

This Joint Pre-Trial Order is hereby approved this \_\_\_\_ day of _____,2017.

                                                                          United States District Judge

728711.