# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| EVICAM INTERNATIONAL, INC., | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-105 |
| | § | Judge Mazzant |
| ENFORCEMENT VIDEO, LLC d/b/a | § | |
| WATCHGUARD VIDEO | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Enforcement Video, LLC d/b/a WatchGuard Video's ("WatchGuard") Motion for Summary Judgment for Invalidity Against the Asserted Claims of U.S. Patent No. 6,211,907 (Dkt. #68). After considering the relevant pleadings, the Court denies WatchGuard's motion.

## BACKGROUND

Evicam International, Inc. ("Evicam") alleges WatchGuard infringes U.S. Patent Nos. 6,211,907 (the "'907 Patent") and 6,950,013. For the '907 Patent, Evicam asserts Claims 3, 8, 13, 18, 19, 22, 24, and 27 (the "Asserted Claims"). Every Asserted Claim depends from either independent Claim 1 or 26, which share common claim elements. All Asserted Claims except for Claim 27 depend on independent Claim 1. Claim 1 recites:

> 1. An on board secure vehicle mounted surveillance system comprising:
> a) at least one video camera monitoring the interior and the exterior of the vehicle and for generating video signals of an incident proximate the vehicle;
> b) a recording device for capturing and securely storing and video signals having a coded access;
> c) a code for providing coded access to said recording device;
> d) means for down loading said video signal from said coded access recording device.

'907 Patent at 10:51–61.  Asserted Claim 27 depends on independent Claim 26, which

similarly recites:

> 26. A method for the secure surveillance of incidents involving vehicles comprising:
> a) activating an on board secure vehicle mounted surveillance system having at least one video camera for generating video signals of an incident proximate to the vehicle;
> b) generating a video signal of an incident proximate to the vehicle;
> c) storing said video signal of an incident proximate to the vehicle on a secure large capacity, code accessible device; and
> d) accessing the stored video signal by means of the access code.

*Id.* at 11:61–12:7.

On February 10, 2017, WatchGuard filed the present motion (Dkt. #68).  On March 24,

2017, Evicam filed a response (Dkt. #108).  On April 11, 2017, Evicam filed a sur-reply (Dkt.

#124).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported

claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  Summary judgment

is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(a).  A dispute about a material fact is genuine when "the

evidence is such that a reasonable jury could return a verdict for the nonmoving party."

*Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  Substantive law identifies which

facts are material.  *Id.*  The trial court "must resolve all reasonable doubts in favor of the party

opposing the motion for summary judgment."  *Casey Enters., Inc. v. Am. Hardware Mut. Ins.

Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "'significant probative evidence'" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

WatchGuard moves for summary judgment, arguing the Asserted claims in the '907 Patent are invalid because they are: (1) anticipated by U.S. Patent 5,689,442 ("Swanson"); (2) rendered obvious by Swanson alone; or (3) rendered obvious by Swanson in light of published International Patent Application WO 94/19212 ("Schofield").

There is a presumption that a patent is valid. *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 662 (Fed. Cir. 2000). WatchGuard bears the burden of proving invalidity by clear and convincing evidence, and the burden never shifts to Evicam, the patentee, to prove validity. "To anticipate a claim, a single prior art reference must expressly or inherently disclose each claim limitation." *Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1334 (Fed. Cir. 2008). A claim limitation is inherently disclosed if it is "necessarily present . . . in the single anticipating reference." *Schering Corp. v. Geneva Pharm., Inc.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003). "If [a] claimed invention was 'described in a printed publication' either before the date of invention, 35 U.S.C. § 102(a), or more than one year before the U.S. Patent application was filed, 35 U.S.C. § 102(b), then that prior art anticipates the patent." *Finisar*, 523 F.3d at 1334. Under 35 U.S.C. § 103, a patent is invalid for obviousness if "the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." "Obviousness is a legal question based on the following underlying factual inquiries: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) secondary evidence of nonobviousness." *Ivera Med. Corp. v. Hospira, Inc.*, 801 F.3d 1336, 1344 (Fed. Cir. 2015). "Summary judgment of obviousness is appropriate of 'the content of the prior art, the

4

scope of the patent claim, and the level of the ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors.'" *TriMed, Inc. v. Stryker Corp.*, 608 F.3d 1333, 1341 (Fed. Cir. 2010) (quoting *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 427 (2007)).

Upon review of the parties' briefing, the Court determines genuine issues of material fact remain regarding invalidity of the '907 Patent. WatchGuard and Evicam present conflicting evidence concerning whether Swanson, Schofield, or both render the Asserted Claims anticipated or obvious. For example, material factual disputes remain as to whether Swanson discloses a storage device secured by coded access to satisfy the "code-accessible storage device" and "code for accessing the storage device" limitations recited in every Asserted Claim. Viewing the evidence offered by the parties in the light most favorable to Evicam, the Court finds that a jury could reasonably conclude Swanson, Schofield, or both do not anticipate or render the Asserted Claims obvious. Therefore, WatchGuard has not demonstrated by clear and convincing evidence that the Asserted Claims are invalid.

## CONCLUSION

Accordingly, Enforcement Video, LLC d/b/a WatchGuard Video's ("WatchGuard") Motion for Summary Judgment for Invalidity Against the Asserted Claims of U.S. Patent No. 6,211,907 (Dkt. #68) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 5th day of June, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE