# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EVICAM INTERNATIONAL, INC., | § § | |
| v. | § § | Civil Action No. 4:16-CV-105 |
| | § | Judge Mazzant |
| ENFORCEMENT VIDEO, LLC d/b/a WATCHGUARD VIDEO | § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Enforcement Video, LLC d/b/a WatchGuard Video's ("WatchGuard") Motion for Summary Judgment Against the Asserted Claims of U.S. Patent No. 6,950,013 (Dkt. #69). After considering the relevant pleadings, the Court denies WatchGuard's motion.

## BACKGROUND

Evicam International, Inc. ("Evicam") filed its complaint against WatchGuard, alleging patent infringement of U.S. Patent Nos. 6,211,907 and 6,950,013 (the "'013 Patent"). For the '013 Patent, Evicam asserts Claims 8 and 11 (the "Asserted Claims"), both of which indirectly depend on Claim 1. Claim 1 recites:

> 1. A system for producing an integrated database of data generated from a remote vehicle incident recording system comprising:
> a) at least one video camera for generating video signals of the incident proximate the vehicle;
> b) a recording device for capturing said video signals as data;
> c) an interface permitting input of an authorization code for accessing said data captured by said recording device, the captured data being inaccessible without the authorization code thereby securely maintaining the captured data as evidence of the incident; and
> d) an information datalink for accessing data captured by said recording device;
> e) a transfer device coupled at least indirectly to said information datalink, the transfer device adapted to securely receiver data from said remote vehicle incident recording system; and

> f) means for generating an integrated, indexed database of data from said remove vehicle incident recording system wherein said means is coupled at least indirectly to said transfer device.

'013 at 13:34–55. Claim 8 includes the limitations recited in Claim 1 along with "means for generating vehicle information in conjunction with said video signals for storage on said recording device as data," and such data "comprises vehicle dynamic information." *Id.* at 13:63–65, 14:7–8. Claim 11 includes the device of Claim 1 "wherein said information data link includes a download trigger for initiating downloading of information from said recording device" and "said download trigger is adapted to respond to the occurrence of a predetermined event." *Id.* at 14:9–14.

On February 10, 2017, WatchGuard filed the present motion (Dkt. #69). On March 24, 2017, Evicam filed its response (Dkt. #110). On April 3, 2017, WatchGuard filed a reply (Dkt. #116). On April 10, 2017, Evicam filed a sur-reply (Dkt. #122).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "'significant probative evidence'" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

**ANALYSIS**

WatchGuard moves for summary judgment, arguing the Asserted claims in the '013 Patent are invalid because they are: (1) anticipated by U.S. Patent 6,141,611 ("Mackey"); (2) rendered obvious by Mackey alone. In addition, WatchGuard contends Claim 11 is invalid for lack of enablement under 35 U.S.C. § 112.

*Anticipation and Obviousness*

There is a presumption that a patent is valid. *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 662 (Fed. Cir. 2000). WatchGuard bears the burden of proving invalidity by clear and convincing evidence, and the burden never shifts to Evicam, the patentee, to prove validity. "To anticipate a claim, a single prior art reference must expressly or inherently disclose each claim limitation." *Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1334 (Fed. Cir. 2008). A claim limitation is inherently disclosed if it is "necessarily present . . . in the single anticipating reference." *Schering Corp. v. Geneva Pharm., Inc.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003). "If [a] claimed invention was 'described in a printed publication' either before the date of invention, 35 U.S.C. § 102(a), or more than one year before the U.S. Patent application was filed, 35 U.S.C. § 102(b), then that prior art anticipates the patent." *Finisar*, 523 F.3d at 1334. Under 35 U.S.C. § 103, a patent is invalid for obviousness if "the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." "Obviousness is a legal question based on the following underlying factual inquiries: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) secondary evidence of nonobviousness." *Ivera Med. Corp. v. Hospira, Inc.*, 801 F.3d 1336, 1344 (Fed. Cir.

2015). "Summary judgment of obviousness is appropriate of 'the content of the prior art, the scope of the patent claim, and the level of the ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors.'" *TriMed, Inc. v. Stryker Corp.*, 608 F.3d 1333, 1341 (Fed. Cir. 2010) (quoting *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 427 (2007)).

Mackey claims a vehicle accident data system that generates and stores data related to vehicular incidents, which allows such data to be electronically accessible by authorized parties (Dkt. #69, Exhibit 11 (Mackey) at 1:21–24). With regard to anticipation, the parties disagree about whether Mackey discloses each and every element of the Asserted Claims. Specifically, the parties dispute whether Mackey discloses "data being inaccessible without the authorization code" and a "transfer device" as recited in the Asserted Claims. With regard to obviousness, the parties dispute whether a person of ordinary skill in the art would modify Mackey to include either "data being inaccessible without an authorization code" or a "transfer device." The parties raise genuine disputes of material facts as to whether Mackey anticipates or renders the Asserted Claims obvious. These questions are best left for the jury to decide. Accordingly, the Court denies WatchGuard's motion for summary judgment on anticipation and obviousness.

*Compliance with 35 U.S.C. § 112*

WatchGuard asserts that Claim 11 is invalid for lack of a written description and for lack of enablement. WatchGuard argues Claim 11 is not enabled because it places no limits on the nature of the "predetermined event." Evicam contends that WatchGuard's evidence does not resolve the differences in expert opinion on enablement. The parties disagree about whether a person of ordinary skill in the art would practice the claimed invention without undue experimentation. Enablement is a legal question based on underlying factual determinations. In

5

determining whether experimentation is undue, *In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988) sets out a number of factors to consider: "(1) the quantity of experimentation necessary, (2) the amount of direction or guidance presented, (3) the presence or absence of working examples, (4) the nature of the invention, (5) the state of the prior art, (6) the relative skill of those in the art, (7) the predictability or unpredictability of the art, and (8) the breadth of the claims." WatchGuard does not address these factors and has not proved invalidity for lack of enablement by clear and convincing evidence. The Court finds there are material disputes regarding enablement, and thus summary judgment is inappropriate.

Further, the Court is unpersuaded by WatchGuard's assertion that the '013 Patent lacks a written description. A written description "must clearly allow persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed." *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc) (alteration in original) (citation omitted). The test is whether the disclosure "conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Id.* Here, WatchGuard neither explained nor offered expert testimony to show what the specification would convey to a person skilled in the art. Therefore, WatchGuard has not presented clear and convincing evidence of invalidity for lack of a written description.

## CONCLUSION

It is therefore **ORDERED** that Enforcement Video, LLC d/b/a WatchGuard Video's Motion for Summary Judgment Against the Asserted Claims of U.S. Patent No. 6,950,013 (Dkt. #69) is **DENIED**.

**SIGNED this 5th day of June, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE