# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| EVICAM INTERNATIONAL, INC., | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-105 |
| | § | Judge Mazzant |
| ENFORCEMENT VIDEO, LLC d/b/a | § | |
| WATCHGUARD VIDEO | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Evicam International, Inc.'s ("Evicam") Motion for Partial Summary Judgment that Certain Asserted Claims in the '907 Patent Are Not Invalid over Certain Asserted References (Dkt. #71). After reviewing the relevant pleadings, the Court denies Evicam's motion.

## BACKGROUND

Evicam alleges WatchGuard infringes U.S. Patent Nos. 6,211,907 (the "'907 Patent") and 6,950,013. For the '907 Patent, Evicam asserts Claims 3, 8, 13, 18, 19, 22, 24, and 27 (the "Asserted Claims"). Every Asserted Claim depends from either independent Claim 1 or 26, which share common claim elements. All Asserted Claims except Claim 27 depend on independent Claim 1. Claim 1 recites:

> 1. An on board secure vehicle mounted surveillance system comprising:
> a) at least one video camera monitoring the interior and the exterior of the vehicle and for generating video signals of an incident proximate the vehicle;
> b) a recording device for capturing and securely storing and video signals having a coded access;
> c) a code for providing coded access to said recording device;
> d) means for down loading said video signal from said coded access recording device.

'907 Patent at 10:51–61. Asserted Claim 27 depends on independent Claim 26, which similarly recites:

> 26. A method for the secure surveillance of incidents involving vehicles comprising:
> a) activating an on board secure vehicle mounted surveillance system having at least one video camera for generating video signals of an incident proximate to the vehicle;
> b) generating a video signal of an incident proximate to the vehicle;
> c) storing said video signal of an incident proximate to the vehicle on a secure large capacity, code accessible device; and
> d) accessing the stored video signal by means of the access code.

*Id.* at 11:61–12:7.

On February 10, 2017, Evicam filed the present motion (Dkt. #71). On February 24, 2017, WatchGuard filed a response (Dkt. #86). On March 24, 2017, Evicam filed a reply (Dkt. #111). On April 3, 2017, WatchGuard filed a sur-reply (Dkt. #119).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "'significant probative evidence'" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

# ANALYSIS

Evicam moves for summary judgment, asserting that three of WatchGuard's invalidity arguments do not invalidate the '907 Patent. Evicam argues that U.S. Patent No. 5,917,405 ("Joao"), U.S. Patent No. 5,689,442 ("Swanson"), or Swanson in view of published International Patent Application WO 94/19212 ("Schofield") do not anticipate or render the Asserted Claims obvious. Evicam further argues that none of these references, individually or collectively, teach or disclose every element recited in the Asserted Claims.

There is a presumption that a patent is valid. *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 662 (Fed. Cir. 2000). WatchGuard bears the burden of proving invalidity by clear and convincing evidence, and the burden never shifts to Evicam, the patentee, to prove validity. "To anticipate a claim, a single prior art reference must expressly or inherently disclose each claim limitation." *Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1334 (Fed. Cir. 2008). A claim limitation is inherently disclosed if it is "necessarily present . . . in the single anticipating reference." *Schering Corp. v. Geneva Pharm., Inc.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003). "If [a] claimed invention was 'described in a printed publication' either before the date of invention, 35 U.S.C. § 102(a), or more than one year before the U.S. Patent application was filed, 35 U.S.C. § 102(b), then that prior art anticipates the patent." *Finisar*, 523 F.3d at 1334. Under 35 U.S.C. § 103, a patent is invalid for obviousness if "the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." "Obviousness is a legal question based on the following underlying factual inquiries: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) secondary

evidence of nonobviousness." *Ivera Med. Corp. v. Hospira, Inc.*, 801 F.3d 1336, 1344 (Fed. Cir. 2015). "Summary judgment of obviousness is appropriate of 'the content of the prior art, the scope of the patent claim, and the level of the ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors.'" *TriMed, Inc. v. Stryker Corp.*, 608 F.3d 1333, 1341 (Fed. Cir. 2010) (quoting *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 427 (2007)).

Upon review of parties' briefing, the Court determines that WatchGuard raises a material fact dispute concerning whether Joao discloses a "recording device for securely storing video signals" as recited in the Asserted Claims. Further, the Court incorporates its order denying WatchGuard's motion for summary judgment for invalidity of the '907 Patent (Dkt. #152). In that order, the Court found material fact disputes related to whether Swanson alone or Swanson in view of Schofield anticipates or renders the Asserted Claims obvious. Because the resolution of factual disputes is within the scope of the jury's fact-finding role, the Court finds that summary judgment is not appropriate.

## CONCLUSION

Accordingly, Evicam's Motion for Partial Summary Judgment that Certain Asserted Claims in the '907 Patent Are Not Invalid over Certain Asserted References (Dkt. #71) is **DENIED**.

**IT IS SO ORDERED**.
SIGNED this 5th day of June, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE