# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EVICAM INTERNATIONAL, INC., | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-105 |
| | § | Judge Mazzant |
| ENFORCEMENT VIDEO, LLC d/b/a | § | |
| WATCHGUARD VIDEO | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Enforcement Video, LLC d/b/a WatchGuard Video's ("WatchGuard") Motion for Summary Judgment for Invalidity of U.S. Patent Nos. 6,211,907 and 6,950,013 for Un-Patentable Subject Matter Under *Mayo/Alice* (Dkt. #73). After considering the relevant pleadings, the Court denies WatchGuard's motion.

## BACKGROUND

Evicam International, Inc. ("Evicam") filed its complaint against WatchGuard, alleging infringement of U.S. Patent Nos. 6,211,907 (the "'907 Patent") and 6,950,013 (the "'013 Patent") (collectively, the "patents-in-suit"). Evicam asserts Claims 3, 8, 13, 18, 19, 22, 24, and 27 of the '907 Patent and Claims 8 and 11 of the '013 Patent.

On February 10, 2017, WatchGuard filed the present motion (Dkt. #73). On March 24, 2017, Evicam filed a response (Dkt. #109). On April 3, 2017, WatchGuard filed a reply (Dkt. #118). On April 11, 2017, Evicam filed a sur-reply (Dkt. #123).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda

will not suffice to carry this burden. Rather, the Court requires "'significant probative evidence'" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

WatchGuard moves for summary judgment, arguing the patents-in-suit are invalid because they are directed to an abstract idea and lack an inventive concept.

"Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. The Supreme Court has "long held that this provision contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014) (quoting *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107, 2116 (2013)). Monopolization of these "basic tools of scientific and technological work" through the grant of a patent "might tend to impede innovation more than it would tend to promote it, thereby thwarting the primary object of the patent laws." *Id.* (first quoting *Myriad*, 133 S. Ct. at 2116; and then quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1298, 1923 (2012)).

The Supreme Court has set forth a framework for determining patent eligibility. *Id.* at 2355. First, the court determines whether the claims at issue are directed towards one of the three patent-ineligible concepts. *Id.* If so, then the court then asks "[w]hat else is there in the

3

claims before us?" *Id.* (alteration in original) (quoting *Mayo*, 132 S. Ct. at 1296–97). In answering the second question, the court considers "the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application." *Id.* The second step can be characterized as a search for an "inventive concept"—"an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Id.* (alteration in original) (quoting *Mayo*, 132 S. Ct. at 1294).

The Court finds the patents-in-suit are broadly directed to the abstract idea of collecting, organizing, and controlling access to vehicle incident information. For the '907 Patent, Claim 1 is a representative claim because other asserted claims of the '907 Patent depend on either Claim 1 or Claim 26, which share common elements. Claim 1 recites:

> 1. An on board secure vehicle mounted surveillance system comprising:
> a) at least one video camera monitoring the interior and the exterior of the vehicle and for generating video signals of an incident proximate the vehicle;
> b) a recording device for capturing and securely storing and video signals having a coded access;
> c) a code for providing coded access to said recording device;
> d) means for down loading said video signal from said coded access recording device.

'907 Patent at 10:51–61. Asserted claims of the '013 Patent, Claims 8 and 11, depend indirectly on independent Claim 1, which the Court considers is representative. Claim 1 recites:

> 1. A system for producing an integrated database of data generated from a remote vehicle incident recording system comprising:
> a) at least one video camera for generating video signals of the incident proximate the vehicle;
> b ) a recording device for capturing said video signals as data;
> c) an interface permitting input of an authorization code for accessing said data captured by said recording device, the captured data being inaccessible without the authorization code thereby securely maintaining the captured data as evidence of the incident; and
> d) an information datalink for accessing data captured by said recording device;

> e) a transfer device coupled at least indirectly to said information datalink, the transfer device adapted to securely receiver data from said remote vehicle incident recording system; and
>
> f) means for generating an integrated, indexed database of data from said remove vehicle incident recording system wherein said means is coupled at least indirectly to said transfer device.

'013 Patent at 13:34–55. Put plainly, the '907 Patent discloses an on-board secure vehicle mounted surveillance system that includes: (1) cameras for monitoring the interior and the exterior of the vehicle; (2) a coded access recording device for storing video and other data; and (3) a means for downloading video and data. And the '013 Patent discloses a tamperproof data repository for retaining information from an on-board, vehicle surveillance system. Information is obtained from the on-board system using a transfer device.

In evaluating whether particular claims are directed to patent-ineligible abstract ideas, courts generally begin by "compar[ing] claims at issue to those claims already found to be directed to an abstract idea in previous cases." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016). Here, the Federal Circuit has acknowledged that the "[t]he concept of data collection, recognition, and storage" is well known and within the realm of abstract ideas. *Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014). Similarly, lower courts have recognized the concept of record access and management as an abstract idea. *See Pres. Wellness Techs. LLC v. Allscripts Health Sols.*, No. 2:15-cv-1559-ECB, 2016 WL 2742379, at *7 (E.D. Tex. May 10, 2016) (listing district court cases); *see also Protegrity USA, Inc. v. Netskope, Inc.*, No.15-cv-2515, 2015 WL 6126599, at *6 (N.D. Cal. Oct. 19, 2015) (finding claims directed to limiting access to information based on specified criteria are directed to an abstract idea). Althougha the patents-in-suit fit in the area of vehicle incident recording systems, the integration of a computer and various devices (e.g., a recording device, a data link, means for downloading, and a database) do not change the

underlying abstract idea. *See Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1366 (Fed. Cir. 2015) ("An abstract idea does not become nonabstract by limiting the invention to a particular field of use or technological environment . . . ."); *see also Alice*, 134 S. Ct. at 2358 (limiting an abstract idea to a particular technological environment, such as a computer, does not confer patent eligibility); *Bilski v. Kappos*, 561 U.S. 593, 612 (2010) ("[L]imiting an abstract idea to one field of use . . . d[oes] not make the concept patentable.").

Having found that the patents-in-suit are directed to an abstract idea, the Court now examines the limitations of the claims to determine whether there is an "inventive concept" to "transform" the claimed abstract idea into patent-eligible subject matter. *Alice*, 134 S. Ct. at 2357. "[A]n invention is not rendered ineligible for patent simply because it involves an abstract concept." *Id.* at 2354. Rather, application of such concepts "to a new and useful end . . . remain eligible for patent protection." *Id.* (citation omitted). The patents-in-suit recite limitations that amount to more than an abstract idea. In fact, the patents-in-suit contain a secure mounted surveillance system that is inventive over known techniques in the prior art. For example, Claim 3 of the '907 Patent adds one camera to monitor the interior of the vehicle and another to monitor the exterior of the vehicle. '907 Patent at 10:65–68. This innovation solves the issue of not knowing what was happening inside the vehicle during an incident. *Id.* at 1:43–50. Claim 13 of '013 adds download triggers with an access code, which causes the system to download its secure data to a transfer device. '013 Patent at 14:16–17. This innovation helps protect incident information by safeguarding it and allowing access by an authorized person (Dkt. #109 at p. 14). When viewed in this light, the limitations recited in the patents-in-suit constitute an improvement over the prior art by addressing specific needs for secure video, audio, and data-based evidence in vehicle recording systems. While elements of the patents-in-suit are known in the prior art, an

inventive concept can be found in the non-conventional and non-generic combination of known conventional pieces. *Alice*, 134 S. Ct. at 2355. Accordingly, WatchGuard has not shown that the patents-in-suit are ineligible for patent protections.

## CONCLUSION

It is therefore **ORDERED** that Enforcement Video, LLC d/b/a WatchGuard Video's Motion for Summary Judgment for Invalidity of U.S. Patent Nos. 6,211,907 and 6,950,013 for Un-Patentable Subject Matter Under *Mayo/Alice* (Dkt. #73) is **DENIED**.

**SIGNED this 5th day of June, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE