# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| EVICAM INTERNATIONAL, INC., | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-105 |
| | § | Judge Mazzant |
| ENFORCEMENT VIDEO, LLC d/b/a | § | |
| WATCHGUARD VIDEO | § | |
| | § | |
| | § | |

## ORDER

On June 8, 2017, the Court conducted a hearing on six pending motions in the case. The Court considered the issues in disputes between the parties and made oral rulings on those issues. The rulings are as follows:

1. Plaintiff's Motion to Strike Defendant's Undisclosed Invalidity Theories (Dkt. #72) is

    **GRANTED IN PART**.

    The Court's Scheduling Order provides that a party opposing a claim of patent infringement shall comply with Local Patent Rule 3-3. Rule 3-3 mandates that a defendant serve invalidity contentions that contain the following information:

    (a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. . . .
    (b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified.

    P.R. 3-3. A party's invalidity contentions are deemed that party's final contentions. P.R. 3-6. The Patent Rules are designed to force litigants to "crystalize their theories of the case early in the litigation" and to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *MacroSolve, Inc. v. Antenna Software, Inc.*, No. 6:11-cv-287-MHS-JDL, 2013 WL

3833079, at *1 (E.D. Tex. July 23, 2013). The Court should consider the following factors when determining whether to exclude untimely disclosures: (1) the danger of unfair prejudice to the nonmovant; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) diligence of the party seeking an extension of time; (5) importance of the particular matter. *Tycho Healthcare Grp. L.P. v. Applied Med. Res. Corp.*, No. 9:06-cv-151, 2009 WL 5842062, at *1–2 (E.D. Tex. Mar. 30, 2009).

Plaintiff contends Defendant is trying to circumvent Local Patent Rule 3-3 and ambush it by not amending its invalidity contentions to disclose the new prior art references, theories, and motivations to combine. WatchGuard claims to have disclosed the disputed material in its Preliminary Election of 12 Asserted Prior Art References per Patent and Reasons to Combine.

The Court is not convinced that WatchGuard disclosed the disputed material in its invalidity contentions as required by the local rules. On June 20, 2016, WatchGuard sought leave to supplement its invalidity contentions and attached supplemental contentions that asserted new prior art references and combinations against the patents-in-suit. On November 8, 2016, the Court granted WatchGuard leave to supplement its invalidity contentions. Any time after the Court granted leave to supplement, WatchGuard could have further supplemented its invalidity contentions to disclose new prior art references, theories, and motivations to combine. The record does not indicate that WatchGuard sought additional leave to supplement. Instead, on February 2, 2017, WatchGuard submitted its Amended Final Election of Asserted Prior Art, which disclosed (1) new combinations of prior art references; (2) new motivations to combine

existing combinations; and (3) new anticipation and obviousness theories. Contrary to WatchGuard's claim, the Court does not find that WatchGuard's Preliminary Election of 12 Asserted Prior Art References per Patent and Reasons to Combine was a substitute for invalidity contentions. The Patent Rules are clear: a party's invalidity contentions are deemed that party's final contentions. P.R. 3-6. WatchGuard has not offered any reason for its failure to supplement its invalidity contentions with the disputed material. In addition, the disputed material works great prejudice against Evicam because it will have to prepare defenses for invalidity theories that WatchGuard did not timely disclose when it had fair opportunity to do so. Allowing WatchGuard to add these new theories at this late date, especially with trial weeks away, would require significant resources from Evicam. Therefore, the Court strikes the following invalidity theories:

   a. Combinations of prior art

       i. *Swanson* in view of *Schofield* and *VICS*;

       ii. *Shamosh* in view of *King* and *VICS*; and

       iii. *Digital Patroller* in view of *Joao*.

   b. Motivations to Combine

       i. *Swanson/Schofield* for Claim 7 of the '907 Patent;

       ii. *Shamosh/King* for Claims 1(b), 19 and 27 of the '907 Patent;

       iii. *Joao/Johnson* for Claim 4 of the '013 Patent; and

       iv. *Digital Patroller/Joao* for Claim 1(e) of the '013 Patent.

   c. Anticipation and Obviousness Theories

       i. *Swanson* for Claims 1 (anticipation), 7 (anticipation and obviousness), 8 (anticipation and obviousness), and 18 (anticipation) of the '907 Patent;

      ii. *Joao* for Claims 7 (anticipation and obviousness), 8 (obviousness), 8 (obviousness), and 13 (obviousness) of the '907 Patent;

      iii. *Mackey* for Claim 1(f) (anticipation) of the '013 Patent;

      iv. *Boykin* for Claims 1(f) (anticipation), 10 (anticipation and obviousness), and 11 (anticipation and obviousness) of the '013 Patent;

      v. *Joao* for Claims 10 (anticipation and obviousness) and 11 (anticipation and obviousness) of the '013 Patent; and

      vi. *Digital Patroller* for Claims 1 (a)–(f) (anticipation and obviousness), 4 (obviousness), 8 (anticipation), 10 (obviousness), and 11 (obviousness) of the '013 Patent.

2. Plaintiff's Motion to Strike Testimony of Robert Vanman (Dkt. #90) is **DENIED**.

3. Defendant's Motion to Exclude Expert Testimony of Walter Bratic (Dkt. #92) is **DENIED**. However, Plaintiff and Mr. Bratic are hereby **ORDERED** to produce to Defendant by June 26, 2017, all expert reports in which Mr. Bratic opined or concluded that profits of an accused product should be equally shared between a patent holder and an accused infringer. This includes Mr. Bratic's expert reports in the following cases:

    a. *Cioffi v. Google Inc.*, Case No. 2-13-cv-103 (E.D. Tex.);

    b. *Mobile Telecomms. Tech., LLC v. HTC Am.*, Case No. 2:13-cv-947 (E.D. Tex.);

    c. *Mobile Telecomms. Tech., LLC v. Research in Motion Corp.*, Case No. 3:12-cv-1652 (N.D. Tex.);

    d. *Artic Cat Inc. v. Bombardier Recreational Prods. Inc.*, Case No. 0:14-cv-62369 (S.D. Fl.);

    e. *Mobile Telecomms. Tech., LLC v. Samsung Telecomms. Am., LLC*, Case No. 2:15-cv-183 (E.D. Tex.);

    f. *Mobile Telecomms. Tech., LLC v. Apple, Inc.*, Case No. 2:13-cv-258 (E.D. Tex.); and

    g. *Mobile Telecomms. Tech., LLC v. Clearwire*, Case No. 2:12-cv-308 (E.D. Tex.).

4. Defendant's Motion to Amend Answer to Add Defense of Improper Inventorship (Dkt. #112) is **DENIED**.

5. Plaintiff's Motion for Protective Order Regarding Deposition of Peter Schmitt (Dkt. #131) is **GRANTED**. At the hearing, Defendant conceded that this deposition relates only to the disputed invalidity theories that form the basis of Plaintiff's Motion to Strike Defendant's Undisclosed Invalidity Theories (Dkt. #72). Because the Court granted Plaintiff's motion and struck the undisclosed invalidity theories, this deposition is irrelevant to the case.

**IT IS SO ORDERED**.

SIGNED this 14th day of June, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE